SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
   Karen L. Bizzini, #119391 (kbizzini@spcclaw.com)
550 S. Hope St., Suite 2350
Los Angeles, California 90071-2618
Tel: (213) 996-4200; Fax: (213) 892-8322

Attorneys for Defendant
Zurich American Insurance Company

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CANOPIUS US INSURANCE, INC., a Delaware Corporation,<br><br>              Plaintiff,<br><br>     vs.<br><br>ZURICH AMERICAN INSURANCE COMPANY, an Illinois corporation; ZURICH NORTH AMERICA, an Illinois corporation, and DOES 1 to 100, Inclusive,<br><br>              Defendants. | Case No.<br><br>**ZURICH AMERICAN INSURANCE COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION PURSUANT TO 28 U.S.C. §1441(b)(1) [DIVERSITY JURISDICTION]**<br><br>**[Filed concurrently with Declaration of Karen L. Bizzini]**<br><br>Originally filed in Superior Court of the State of California for the County of Los Angeles – East District, Case No. 19PSCV00437 |

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
550 S. HOPE ST., SUITE 2350
LOS ANGELES, CALIFORNIA 90071-2618
TEL (213) 996-4200 · FAX (213) 892-8322

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
550 S. HOPE ST., SUITE 2350
LOS ANGELES, CALIFORNIA 90071-2618
TEL (213) 996-4200 · FAX (213) 892-8322

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION, AND TO THE CLERK OF THE COURT:**

**PLEASE TAKE NOTICE** that defendant Zurich American Insurance Company hereby removes to this Court the complaint filed in the Superior Court of the State of California, County of Los Angeles – East District, titled *Canopius US Insurance, Inc. v. Zurich American Insurance Company, Zurich North America*, Case No. 19PSCV00437 ("State Court Action"). A copy of this complaint is attached as Exhibit "A."

1.     On May 10, 2019, plaintiff Canopius US Insurance, Inc. filed a complaint in the State Court Action, naming two defendants, Zurich American and "Zurich North America." Zurich American is the legal entity that issued the insurance policy at issue, and is thus the proper party defendant to respond to the State Court Action. "Zurich North America" is merely a trade style used by Zurich American and its affiliates. "Zurich North America" is not a corporation or other legal entity. "Zurich North America" cannot join in or consent to removal because it is not a legal entity. It is thus an improper party to the State Court Action.

2.     Zurich American received service of the Summons and Complaint on May 17, 2019. A copy of the Summons and Acknowledged Notice of Service of Process dated May 20, 2019 are attached together as Exhibit "B."

3.     Zurich American also received service of a Notice of Case Assignment and Case Management Conference in the State Court Action, which schedules a Case Management Conference on October 8, 2019 at 8:30 a.m. Copies of these Notices are attached as Exhibit "C."

4.     This Notice of Removal is timely under 28 U.S.C. §1446(b) in that Zurich American seeks removal within 30 days after it was served with the Summons and Complaint in the State Court Action.

1

## DIVERSITY OF CITIZENSHIP

2   1.   This is a civil action over which this Court has original jurisdiction

3   under 28 U.S.C. §1332(a)(1), and is one that Zurich American may remove to this

4   Court pursuant to 28 U.S.C. §1441(b)(1).

5   2.   This is a civil action between citizens of different states.  Complete

6   diversity of citizenship exists.  Canopius is a corporation organized and existing

7   under the laws of the State of Delaware, with its principal place of business in

8   Delaware.  Zurich American is a corporation organized and existing under the laws

9   of the state of New York, with its principal place of business in Schaumburg,

10   Illinois.  *See* Declaration of Karen L. Bizzini filed in support of this Notice of

11   Removal, at ¶¶ 2, 3.

12   ## AMOUNT IN CONTROVERSY

13   3.   According to its complaint, Canopius seeks to recover from Zurich

14   American $465,782.39 for defense fees, costs, and indemnity (*see* Exhibit "A" at ¶¶

15   17, 19, 25), so the amount in controversy exceeds the sum of $75,000 exclusive of

16   interest and costs.

17   4.   Canopius alleges it paid $465,782.39 to defend its policyholder Pearl of

18   the East RTC, L.P. ("Pearl") and to obtain dismissals or settlements of 17

19   underlying actions filed by *in pro per* plaintiffs against Pearl.  *Id.,* at ¶¶7, 11, 13, 16,

20   17.  Canopius alleges that Pearl is an additional insured on three insurance policies

21   that Zurich American issued to Clark Pacific.  *Id.*, at ¶15.  Canopius alleges causes

22   of action for subrogation, equitable contribution, and declaratory relief, based on

23   Zurich American's declination to defend and indemnify Pearl in these underlying

24   actions.  Zurich American contends that Pearl is not an additional insured on any of

25   the policies it issued to Clark Pacific, and therefore it had no duty to defend or

26   indemnify Pearl in the underlying actions.

27   ## JURISDICTION AND VENUE

28   5.   Canopius filed its complaint in the Superior Court of the State of

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
550 S. HOPE ST., SUITE 2350
LOS ANGELES, CALIFORNIA 90071-2618
TEL (213) 996-4200 · FAX (213) 892-8322

3

1  California, County of Los Angeles – East District.  Venue in the United States

2  District Court for the Central District of California, Western Division is therefore

3  proper.  *See* 28 U.S.C. §1441(a)(providing for removal "to the district court of the

4  United States for the District and division embracing the place where [the State

5  Court Action] is pending"); 28 U.S.C. §84(c)(the Central District of California

6  includes Los Angeles County).

7       6.     Zurich American has given notice of the filing of this Notice of

8  Removal to the plaintiff in the State Court Action and filed a copy with the Clerk of

9  the Superior Court of the State of California, County of Los Angeles – East District

10  in accordance with 28 U.S.C. §1446(d).

11       7.     Zurich American respectfully requests that the Complaint Canopius

12  filed against it in the State Court Action be removed from that court to this Court.

13       **DEMAND FOR JURY TRIAL**

14       8.     Zurich American hereby demands a jury trial of this matter.

15  Fed.R.Civ.P. 38(b).

16  

17  DATED:  June 17, 2019         SINNOTT, PUEBLA,

18           CAMPAGNE & CURET, APLC

19  

20           By:     */s/ Karen L. Bizzini*

21           KAREN L. BIZZINI

22           Attorneys for Defendant Zurich American

         Insurance Company

23  

24  

25  

26  

27  

28  

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
550 S. HOPE ST., SUITE 2350
LOS ANGELES, CALIFORNIA 90071-2618
TEL (213) 996-4200 · FAX (213) 892-8322

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 05/10/2019 02:18 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Calagna, Deputy Clerk
19PSCV00437

Assigned for all purposes to: Pomona Courthouse South, Judicial Officer: Gloria White-Brown

1  JEFFREY S. KRAMER, State Bar # 094049
   MARK C. PHILLIPS, State Bar #150749
2  KRAMER, DEBOER & KEANE
   A Limited Liability Partnership
3  Including Professional Corporations
   21860 Burbank Boulevard, Suite 370
4  Woodland Hills, California 91367
   Telephone:    (818) 657-0255
5  Facsimile:    (818) 657-0256
   Email:        jkramer@kdeklaw.com
6  Email:        mphillips@kdeklaw.com
   Attorneys for Plaintiff Canopius US Insurance, Inc.

7

8          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9        **FOR THE COUNTY OF LOS ANGELES– EAST DISTRICT**

10

11  CANOPIUS   US   INSURANCE,   INC.,   a          CASE NO. _____
    Delaware Corporation,
12                                                  **COMPLAINT FOR SUBROGATION,**
                      Plaintiff,                    **EQUITABLE CONTRIBUTION, AND**
13                                                  **DECLARATORY RELIEF; DEMAND**
                                                    **FOR JURY TRIAL**
14          v.

15  ZURICH    AMERICAN    INSURANCE
    COMPANY, an Illinois corporation, ZURICH
16  NORTH  AMERICA,  an  Illinois  corporation,
    and DOES 1 TO 100, Inclusive,
17
                      Defendants.
18

19          Plaintiff, Canopius US Insurance, Inc. ("Canopius") alleges as follows:

20                          **GENERAL ALLEGATIONS**

21          1.      Plaintiff Canopius is and at all times herein mentioned was a corporation organized

22  and existing under the laws of the State of Delaware and registered in the State of California as an

23  eligible surplus line insurance company doing business in the State of California among other things

24  selling insurance products and administering insurance claims through authorized third-party claims

25  administrators within the State of California.

26  //

27  //

28  //

                                            1
           COMPLAINT FOR SUBROGATION, EQUITABLE CONTRIBUTION, AND DECLARATORY RELIEF;
                                  DEMAND FOR JURY TRIAL

2.     Plaintiff Canopius alleges on information and belief that Defendant Zurich American Insurance Company is and at all times herein mentioned was a corporation organized and existing under the laws of the State of Illinois and registered and doing business in the State of California as an insurance company among other things selling insurance products and administering insurance claims within the State of California.

3.     Plaintiff Canopius alleges on information and belief that Defendant Zurich North America is and at all times herein mentioned was a corporation organized and existing under the laws of the State of Illinois and registered and doing business in the State of California as an insurance company among other things selling insurance products and administering insurance claims within the State of California.

4.     Plaintiff Canopius is ignorant is the true names and capacities, whether individual, corporate, associate or otherwise, of Defendants sued herein as DOES 1 through 100, inclusive, and therefore sues such persons by these fictitious names pursuant to California Code of Civil Procedure Section 474. Plaintiff Canopius alleges on information and belief that each Defendant designated herein as a DOE is involved in, entitled to, or in some manner responsible as the principal, beneficiary, agent, co-conspirator, joint venture, alter ego, third-party beneficiary, or otherwise, for the agreements, transactions, events, and/or acts herein described, and thereby proximately caused injuries and damages to Plaintiff Canopius as herein alleged. Plaintiff Canopius further alleges on information and belief that these fictitiously named Defendants are responsible in some way for the injury and damages to Plaintiff Canopius as herein alleged. Plaintiff Canopius will seek leave to amend this Complaint to add the true names of these Defendants when the same have been ascertained.

5.     Plaintiff Canopius alleges on information and belief that at all times mentioned herein, each Defendant was the agent, servant and employee of the other Defendants and each of them, and in committing the acts and omissions herein mentioned was acting within the course and scope of said agency, servitude and employment. Plaintiff Canopius further alleges on information and belief that at all times herein mentioned, each Defendant was chargeable with and bound by the knowledge and information received by and on behalf of each other Defendant.

KRAMER, DeBOER & KEANE
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS
21860 BURBANK BOULEVARD, Suite 370
WOODLAND HILLS, CA 91367-0365
TELEPHONE (818) 657-0255

2
COMPLAINT FOR SUBROGATION, EQUITABLE CONTRIBUTION, AND DECLARATORY RELIEF; DEMAND FOR JURY TRIAL

EXHIBIT A

6.      Plaintiff Canopius alleges on information and belief that all the acts of Defendants and each of them were ratified and adopted by the acts of their Co-Defendants and each of them.

7.      Plaintiff Canopius issued its commercial general liability insurance policy number OUS018011368 to its named insured Pearl of the East RTC, L.P. ("Pearl").

8.      Pearl constructed the Pearl of the East Shopping Plaza ("Plaza") located in Rowland Heights, California, beginning in 2013, and then has owned and operated the Plaza from the completion of construction through the present. Pearl does not own the land upon which the Plaza is situated, but rents the land from Rowland Ranch Properties, LLC ("Rowland"). The Plaza is located within this Judicial District.

9.      Located immediately adjacent to the Plaza is the Rowland Mobile Home Estates, which is a mobile home park consisting of several hundred units. One of the residents of the mobile home park allegedly discovered in or about August 2013 that Pearl was constructing a four-story parking garage at the rear of the Plaza's open air parking lot, and just feet away from the boundary wall separating the Plaza from the mobile home park. The parking garage and surrounding improvements were constructed in part by Clark Pacific, pursuant to a subcontract dated May 14, 2013 between Clark Pacific and PTECC, who was Pearl's construction manager for the entire garage-related construction project. Clark Pacific's scope of work included among other things trenching to repair and install underground wet utilities between the garage and the adjacent boundary wall between the Plaza and the mobile home park. Plaintiff Canopius alleges on information and belief that Clark Pacific drafted said subject subcontract, which caused Pearl to reasonably rely on Clark Pacific's commitment to "cover" its work by defending and indemnifying Pearl in the event of a third-party lawsuit arising out of Clark Pacific's scope of work.

10.     Some of the residents of the Rowland Mobile Home Estates protested to Pearl, Rowland and local governmental agencies both during the course of construction of the garage project and after the completion of its construction that the construction project, and in particular the trenching work, caused diversion of both surface water and subterranean water into the mobile home park, resulting in allegations of property damage to the foundations and structural integrity of several mobile homes. The affected residents of the mobile home park contended that not only did

COMPLAINT FOR SUBROGATION, EQUITABLE CONTRIBUTION, AND DECLARATORY RELIEF; DEMAND FOR JURY TRIAL

KRAMER, DeBOER & KEANE
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS
21860 BURBANK BOULEVARD, SUITE 370
WOODLAND HILLS, CA 91367
TELEPHONE (818) 657-0255

they sustain ongoing property damage to their homes, but also that their homes suffered diminution on value. They also alleged that said trenching work caused said boundary wall to be partially demolished and not restored for a period of time which allowed criminal trespassers to enter the mobile home park. Said trespassing allegedly caused metal anguish to the residents of the mobile home park, some of whom alleged physical manifestations of bodily injury accompanying the mental anguish.

11. Initially fourteen separate underlying third-party actions were filed by individual residents of the Rowland Mobile Homes Estates against Pearl (as the Plaza owner) and Rowland (as the landowner), beginning on April 1, 2014. Eventually a total of seventeen individual lawsuits were filed. Some of the underlying third-party actions were dismissed voluntarily early on, with all the remaining underlying third-party actions consolidated pursuant to Court order with the lead case entitled *Wen-Tzu Davis, et al. v. Pearl of the East RTC, L.P., et al.*, Los Angeles County Superior Court Case No. KC066761. Each underlying third-party plaintiff asserted their own damage claims, including claims for punitive damages. Every underlying third-party plaintiff prosecuted their respective lawsuits in pro per, and as a result thereof, their pleadings were not artfully drafted. Nonetheless, the damages being asserted collectively by all the underlying third-party plaintiffs were in excess of $4.5 million. Plaintiff Canopius provided Pearl with a defense of all the underlying third-party actions.

12. Rowland tendered its defense of these underlying third-party actions to Pearl pursuant to an indemnity provision in the land rental agreement between Rowland and Pearl, which tender was accepted. Plaintiff Canopius therefore provided a defense both to Pearl and to Rowland. None of the underlying third-party plaintiffs sued Clark Pacific as a direct defendant, and neither Pearl nor Rowland cross-complained against Clark Pacific because Pearl and Rowland made a strategic decision to maintain a united defense against the underlying third-party plaintiffs.

//
//
//
//

KRAMER, deBOER & KEANE
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS
21860 BURBANK BOULEVARD, SUITE 370
WOODLAND HILLS, CA 91367
TELEPHONE (818) 657-0255

4

COMPLAINT FOR SUBROGATION, EQUITABLE CONTRIBUTION, AND DECLARATORY RELIEF;
DEMAND FOR JURY TRIAL

EXHIBIT A
8

13.     Some of the underlying third-party actions were voluntarily dismissed over the next few years, while others were settled at the Courthouse in February 2017.  Plaintiff Canopius funded those settlements.  All of the underlying third-party actions were therefore resolved, except for the lead case whose underlying plaintiffs, Wen-Tzu Davis and her husband Chen-Feng Lin, refused to settle.  Mr. Lin was involuntarily dismissed from the lead case in February 2017 in connection with a terminating sanction.  Ms. Davis proceeded to a bench trial on the lead case in March 2017.  She lost at the trial court level and judgment was entered for the defense.  Both Mr. Lin and Ms. Davis then filed multiple appeals to the California Court of Appeal, all of which were either abandoned or dismissed, the last one being dismissed in December 2018.  Mr. Lin and Ms. Davis never challenged those dismissals, and so all those dismissals are now final.

14.     All the underlying third-party actions alleged construction-related deficiencies and progressive resultant property damage, particularly the underlying third-party plaintiffs in the lead case, involving the construction of the parking garage and in particular arising out of the work of Clark Pacific.  All the allegations of continuous and progressive construction defect-related property damage from the underlying third-party actions are incorporated herein for reference, without admitting them.  Jurisdiction is proper in the Los Angeles County Superior Court because the gravamen of the underlying dispute as set forth in the underlying third-party actions arose within Los Angeles County.

15.     Plaintiff Canopius alleges on information and belief that Defendants issued at least the following commercial general liability insurance policies to Clark Pacific: Policy No. CPPP594472394 with effective dates from December 1, 2012 through December 1, 2013, Policy No. CPP594472305 with effective dates from December 1, 2013 through December 1, 2014, and Policy No. GLA427717809 with December 1, 2013 through 1, 2014.  Plaintiff Canopius further alleges on information and belief that each of the aforementioned insurance policies contains an Additional Insured Endorsement in favor of Pearl.  Plaintiff Canopius will seek to amend this Complaint to identify additional insurance policies should they be discovered through this lawsuit. Plaintiff Canopius further alleges on information and belief that said damage and injury allegations in the underlying third-party actions trigger a duty to defend and indemnify under Defendants'

KRAMER, DeBOER & KEANE
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS
21860 Burbank Boulevard, Suite 370
WOODLAND HILLS, CA 91367
TELEPHONE (818) 657-0255

5

COMPLAINT FOR SUBROGATION, EQUITABLE CONTRIBUTION, AND DECLARATORY RELIEF; DEMAND FOR JURY TRIAL

1  insurance policies, and that the existence of any unresolved factual disputes asserted by Defendants

2  regarding factual questions arising out of the underlying third-party actions establish a potentiality

3  of coverage sufficient to trigger a duty to defend under California law.

4      16.    Plaintiff Canopius has made repeated demand on Defendants, beginning in 2014 and

5  continuing through 2018, to participate in the defense of the underlying third-party actions, and to

6  contribute to the ongoing (and therefore increasing amount of) defense fees and costs, as well as

7  indemnity paid, all of which was incurred by Plaintiff Canopius with respect to the underlying third-

8  party actions.  Due to clear California law regarding an insurer's broad duty to defend an underlying

9  third-party action, based upon facts known to the insurer at the outset of the underlying third-party

10  actions, Defendants have never expressly declined an obligation to defend the underlying third-party

11  actions.  Instead, Defendants continue to request additional information and documentation.

12  However, at no time have Defendants stepped forward and paid for any of the defense fees, costs

13  and indemnity incurred by Plaintiff Canopius.

14      17.    As a result thereof, Plaintiff Canopius has suffered loss by paying all of the defense

15  and indemnity obligation of Pearl and Rowland with respect to the underlying third-party actions

16  for which Plaintiff Canopius was not primarily or legally liable and for which Defendants are

17  primarily and legally liable to cover.  Plaintiff Canopius has made repeated demand therefor from

18  Defendants for payment to cover the defense fees, costs and indemnity related to the underlying

19  actions, and Defendants have not paid it by contending that they need to receive additional

20  information.  Plaintiff Canopius is not aware that Defendants ever conducted an independent

21  investigation into the underlying third-party actions.  Plaintiff Canopius therefore contends that

22  Defendants are responsible for payment of a sum not less than $465,782.39 for said defense fees,

23  costs and indemnity.

24      **FIRST CAUSE OF ACTION**

25      **(Subrogation against all Defendants)**

26      18.    Plaintiff Canopius realleges and incorporates by reference paragraphs 1 through 17

27  of the Complaint as though fully and completely set forth herein.

28  //

COMPLAINT FOR SUBROGATION, EQUITABLE CONTRIBUTION, AND DECLARATORY RELIEF; DEMAND FOR JURY TRIAL

KRAMER, deBOER & KEANE
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS
21860 BURBANK BOULEVARD, SUITE 370
WOODLAND HILLS, CA 91367
TELEPHONE (818) 657-0255

EXHIBIT A
10

19.     Pearl and Rowland suffered the aforementioned loss with respect to the underlying third-party actions for which Defendants are legally obligated to provide a defense under their insurance policies.  Said loss to Pearl and Rowland arising out of Clark Pacific's work at the Plaza was one for which Plaintiff Canopius was not solely or primarily liable to defend Pearl and Rowland but Plaintiff Canopius has defended Pearl and Rowland in order to protect both their interests and its own interest and not as a volunteer.  Pearl and Rowland have an existing, assignable cause of action against Defendants which Pearl and Rowland could assert for their own benefit had they not been compensated for their loss with respect to the underlying third-party actions by Plaintiff Canopius.  Plaintiff Canopius is subrogated to that claim.  Plaintiff Canopius has suffered damages caused by Defendants' failure to date to pay for any of Pearl's and Rowland's defense, costs and indemnity with respect to the underlying third-party actions.  Justice requires that this loss be shifted to Defendants, whose equitable position is inferior to that of Plaintiff Canopius; Plaintiff Canopius's damages are in a liquidated sum not less than $465,782.39 for defense fees, costs and indemnity.

20.     Wherefore Plaintiff Canopius has been damaged and seeks recovery from Defendants as set forth below.

## SECOND CAUSE OF ACTION

### (Equitable Contribution against all Defendants)

21.     Plaintiff Canopius realleges and incorporates by reference paragraphs 1 through 17 and 19 through 20 of the Complaint as though fully and completely set forth herein.

22.     Plaintiff Canopius paid more than its share of the loss asserted against Pearl and Rowland by defending them with respect to all of the underlying third-party actions without participation by Defendants on behalf of Clark Pacific despite their contemporary knowledge of the underlying third-party actions and the claims asserted therein arising out of Clark Pacific's work.  Furthermore, Defendants have a primary and legal liability to provide a defense Pearl and Rowland on behalf of Clark Pacific with respect to the underlying third-party actions.  Yet, they have not made any arrangements for payment therefor.  Under rules of equity, substantial justice is accomplished by equalizing the common burden amongst Plaintiff Canopius and Defendants, and to prevent Defendants from profiting at the expense of Plaintiff Canopius.

KRAMER, DeBOER & KEANE
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS
21860 BURBANK BOULEVARD, SUITE 370
WOODLAND HILLS, CA 91367
TELEPHONE (818) 657-0265

7

EXHIBIT A
11

23.     Wherefore Plaintiff Canopius has been damaged and seeks recovery from Defendants as set forth below.

### THIRD CAUSE OF ACTION

**(Declaratory Relief against all Defendants)**

24.     Plaintiff Canopius realleges and incorporates by reference paragraphs 1 through 17, 19 through 19, and 22 through 23 of the Complaint as though fully and completely set forth herein.

25.     An actual controversy has arisen and now exists between Plaintiff Canopius and Defendants concerning their respective rights and duties in that Plaintiff Canopius contends Defendants are primarily and legally liable to pay now on behalf of Clark Pacific for Pearl's and Rowland's defense and indemnity with respect to the underlying third-party actions, whereas Defendants apparently dispute these contentions by not being forthcoming with making said payments despite being obligated to do so. Plaintiff desires a judicial determination of the parties' respective rights and duties, and a declaration that Defendants are obligated now to pay said obligation in a sum not less than $465,782.39 for defense fees, costs, and indemnity.

26.     Wherefore Plaintiff Canopius has been damaged and seeks recovery from Defendants as set forth below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

1.     For a judicial declaration that Defendants are legally liable to pay now on behalf of Clark Pacific for Pearl's and Rowland's defense with respect to the underlying third-party actions in a sum not less than $465,782.39 for defense fees, costs and indemnity.

2.     For special damages according to proof in a total sum of not less than $465,782.39;

3.     For costs of suit;

4.     For interest therein at the maximum legal rate;

//

//

//

8

COMPLAINT FOR SUBROGATION, EQUITABLE CONTRIBUTION, AND DECLARATORY RELIEF; DEMAND FOR JURY TRIAL

KRAMER, DeBOER & KEANE
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS
21860 BURBANK BOULEVARD, SUITE 370
WOODLAND HILLS, CA 91367
TELEPHONE (818) 657-0255

5.   For prejudgment interest on all sums awarded at the maximum legal rate; and

6.   For such other and further relief as the Court may deem just and proper.

DATED: May 3, 2019                    KRAMER, DEBOER & KEANE

BY: _____
     MARK C. PHILLIPS
     Attorneys for Plaintiff
     CANOPIUS US INSURANCE, INC.

KRAMER, DeBOER & KEANE
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS
21860 Burbank Boulevard, Suite 370
WOODLAND HILLS, CA 91367
TELEPHONE (818) 657-0255

9

COMPLAINT FOR SUBROGATION, EQUITABLE CONTRIBUTION, AND DECLARATORY RELIEF;
DEMAND FOR JURY TRIAL

EXHIBIT A
13

1

## DEMAND FOR JURY TRIAL

2          Plaintiff Canopius hereby demands trial by jury.

3

4     DATED: May 3, 2019                    KRAMER, DEBOER & KEANE

5                                           BY: *Mark C. Phillips*

6                                           MARK C. PHILLIPS
                                            Attorneys for Plaintiff
7                                           CANOPIUS US INSURANCE, INC.

8

9

10

KRAMER, DeBOER & KEANE
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS
21860 Burbank Boulevard, Suite 370
WOODLAND HILLS, CA 91367
TELEPHONE (818) 657-0255

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10

COMPLAINT FOR SUBROGATION, EQUITABLE CONTRIBUTION, AND DECLARATORY RELIEF;
DEMAND FOR JURY TRIAL

EXHIBIT A
14

# EXHIBIT B

Electronically FILED by Superior Court of California, County of Los Angeles on 05/10/2019 02:18 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Calagna,Deputy Clerk
19PSCV00437

| | |
|---|---|
| **SUMMONS** | **SUM-100** |
| *(CITACION JUDICIAL)* | |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ZURICH AMERICAN INSURANCE COMPANY, an Illinois
corporation; ZURICH NORTH AMERICA, an Illinois
Corporation; and DOES 1 TO 100, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CANOPIUS US INSURANCE, INC.; a Delaware Corporation

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>400 CIVIC CENTER PLAZA<br>(SAME)<br>POMONA CALIFORNIA | CASE NUMBER:<br>*(Número del Caso):*<br>19PSCV00437 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
MARK C. PHILLIPS (SBN 150749)    (818) 657-0255    (818) 657-0256
KRAMER, DEBOER & KEANE
21860 BURBANK BOULEVARD, SUITE 370
WOODLAND HILLS, CA  91367

| | | | |
|---|---|---|---|
| DATE: MAY   , 2019 | Sherri R. Carter Executive Officer / Clerk of Court | | |
| *(Fecha)*  05/10/2019 | Clerk, by ____Candice S. Calagna____, Deputy | |
| | *(Secretario)* | *(Adjunto)* | |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* ZURICH AMERICAN INSURANCE COMPANY, an Illinois corporation

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

| | | | |
|---|---|---|---|
| | | | Page 1 of 1 |
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Legal<br>Solutions<br>Plus | Code of Civil Procedure §§ 412.20, 465 |

EXHIBIT B
15



# Notice of Service of Process

**TV / ALL**
**Transmittal Number: 19823137**
**Date Processed: 05/20/2019**

| | |
|---|---|
| **Primary Contact:** | Arnold D'Angelo<br>Zurich North America<br>1299 Zurich Way<br>Schaumburg, IL 60196-1056 |
| **Electronic copy provided to:** | Vicky Russell |

| | |
|---|---|
| **Entity:** | Zurich American Insurance Company<br>Entity ID Number  2746725 |
| **Entity Served:** | Zurich American Insurance Company |
| **Title of Action:** | Canopius US Insurance Inc vs. Zurich American Insurance Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Los Angeles County Superior Court, CA |
| **Case/Reference No:** | 19PSCV00437 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 05/17/2019 |
| **Answer or Appearance Due:** | 30  days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Mark C Phillips<br>818-657-0255 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# EXHIBIT C

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Pomona Courthouse South<br>400 Civic Center Plaza, Pomona, CA 91766 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>05/10/2019<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: Candice S. Calagna Deputy |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>19PSCV00437 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✓ | Gloria  White-Brown | J | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 05/13/2019
   (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By Candice S. Calagna_____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

EXHIBIT C

17

### INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

#### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

#### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

#### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

#### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

#### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

#### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

#### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

#### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

#### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

#### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

#### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

EXHIBIT C
18

MCP

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

RECEIVED

MAY 16 2019

BY: L S 7M1A

**FILED**
Superior Court of California
County of Los Angeles

05/13/2019

Sherri R. Carter, Executive Officer / Clerk of Court
By _____ Londie Olmos _____ Deputy

Reserved for Clerk's File Stamp

COURTHOUSE ADDRESS:
Pomona Courthouse South
400 Civic Center Plaza, Pomona, CA 91766

PLAINTIFF:
CANOPIUS US INSURANCE, INC., a Delaware Corporation

DEFENDANT:
ZURICH AMERICAN INSURANCE COMPANY, an Illinois corporat

## NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
19PSCV00437

CALENDARED

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: | Time: | Dept.: |
|-------|-------|--------|
| 10/08/2019 | 8:30 AM | J |

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: _05/13/2019_                                   _Gloria White-Brown / Judge_
                                                          Judicial Officer

---

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in _Pomona_____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Mark Charles Phillips
21860 Burbank Blvd Ste 370
Woodland Hills, CA 91367

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: _05/13/2019_____                    By _Londie Olmos_____
                                                               Deputy Clerk

LACIV 132 (Rev. 07/13)                         **NOTICE OF**                    Cal. Rules of Court, rules 3.720-3.730
LASC Approved 10-03                   **CASE MANAGEMENT CONFERENCE**            LASC Local Rules, Chapter Three
For Optional Use

## EXHIBIT C
19